REQUESTED BY: Dear Senator Duis:
You have asked us for an interpretation of section2-1213, R.S.Supp., 1978, which section was amended in 1979 by LB 867. It now provides in part:
 "No racing under sections 2-1201 to 2-1218 shall be permitted on Sunday except when approved by a majority of the State Racing Commission. If the State Racing Commission permits racing on Sunday the voters may prohibit such racing in the manner prescribed in section 2-1213.01. If such approval is granted, no racing shall occur on Sunday until after 1:00 p.m. . . ."
Normally we would not be able to answer any questions calling for an interpretation of existing statutes, as it would be in violation of the policy set out in our letter to the Clerk of the Legislature dated December 28, 1972, found on page 36 of Volume I of the 1973 Legislative Journal.
However, you request our opinion in your capacity as Chairman of the Administrative Rules and Regulations Review Committee. An interpretation may be necessary for that Committee in determining whether the administration of the act is consistent with legislative intent, and whether new legislation in necessary, which are some of the matters the Committee is required to determine pursuant to section84-901.02, R.S.Supp., 1978. We will therefore depart from our usual policy in this instance.
Your question with respect to section 2-1213 is whether the approval of Sunday racing by the Racing Commission is to be on a statewide basis, or on a case-by-case basis for each track. We conclude that it should be on a statewide basis.
The statute itself is ambiguous, and certainly could be interpreted either way. We have read the Committee hearing and the floor debates on LB 867, and have found no discussion of the matter. There is one statement in the floor debates by Senator Maxey which appears to assume that the approval would be as to individual tracks, but it is too vague to be of any real assistance. The reason we believe it should be interpreted to provide for statewide approval is that this would be somewhat less subject to constitutional attack.
The determination of whether or not there should be racing on Sunday is properly a legislative one. UnderLincoln Dairy Company v. Finigan, 170 Neb. 777,104 N.W.2d 227 (1960), when the power to make such determinations is granted to an administrative agency, the power must be limited to the expressed legislative purpose and administered in accordance with standards prescribed in the legislative act.
You will note the absence of any such standards in the provisions of section 2-1213 relating to Sunday racing. This raises some question as to the validity of these provisions, under any interpretation.
However, an interpretation that would permit the Racing Commission to approve Sunday racing at some tracks, while denying it at others, with absolutely no statutory guidelines, would be quite clearly invalid. It would permit purely arbitrary decisions on the part of the Commission. A court would, we believe, be more likely to permit the Commission to make the general decision to permit or not to permit Sunday racing throughout the state than it would to let the Commission create, without any legislative standards, classes of licensees, some of which could race on Sunday, and some of which could not.
We therefore adopt the interpretation most likely to be upheld, without, of course, any assurance that it will be.